IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK14-81595 |
| | ) | Chapter 13 |
| Michael Scot Goodlander, | ) | |
| xxx-xx-2103 | ) | **CHAPTER 13 PLAN** |
| | ) | **AND** |
| Debtor. | ) | **NOTICE OF RESISTANCE DEADLINE** |

1.  **PAYMENTS**.

The debtor or debtors (hereinafter called "Debtor") submit to the standing Chapter 13 trustee all projected disposable income to be received within the applicable commitment period of the plan. The payment schedule is as follows:

| A. Monthly Payment Amount [include any previous payments] | B. Number of Payments | Base Amount (A X B) |
|---|---|---|
| $1,870.00 | 60 | $112,200.00 |

The payment shall be withheld from the paycheck of the Debtor.
Employer's name, address, city, state, phone, pay period: Department of the Air Force, 901 SAC Blvd., Suite M104, Offut AFB, Nebraska 68113, (402) 294-1110 bi-weekly pay period

NOTE: PLAN PAYMENTS TO THE TRUSTEE MUST BEGIN IMMEDIATELY FOR PLANS REQUIRING PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS OR LEASE PAYMENTS. IN THOSE CASES PROVIDING FOR EMPLOYER DEDUCTIONS, THE DEBTOR MUST MAKE DIRECT PAYMENT TO THE TRUSTEE BY MONEY ORDER OR CASHIER'S CHECK UNTIL THEIR EMPLOYER DEDUCTION BEGINS. IN CASES WITHOUT PRE-CONFIRMATION PAYMENTS, PLAN PAYMENTS MUST COMMENCE WITHIN 30 DAYS OF FILING OF THE PETITION. THE DEBTOR MUST MAKE DIRECT PAYMENT TO THE TRUSTEE UNTIL THEIR EMPLOYER DEDUCTION BEGINS.

2.  **ORDER OF PAYMENT OF CLAIMS**.

Applicable trustee fees shall be deducted, pursuant to 28 U.S.C. § 586(e). Claims shall be paid in the following order: (1) 11 U.S.C. § 1326(a)(1)(B) & (C) pre-confirmation payments for adequate protection or leases of personal property; (2) payments to secured creditors under 11 U.S.C. § 1325(a)(5), payments due on executory contracts, the Debtor's attorney fees, 11 U.S.C. § 507(a)(1)(A) priority domestic support claims and approved Chapter 7 trustee compensation; (3) other administrative expense claims under 11 U.S.C. § 503; (4) other priority claims in the order specified in 11 U.S.C. § 507(a) including post-petition tax claims allowed under 11 U.S.C. § 1305; (5) co-signed consumer debts; (6) general unsecured claims. Unless otherwise noted, claims within each class shall be paid pro rata. If funds remain after payment of specific monthly payments provided for in the plan, the Chapter 13 Trustee may distribute those funds to secured creditors in payment of their allowed secured claims.

**3.     SECTION 1326(a) PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS AND LEASE PAYMENTS**.

The following pre-confirmation adequate protection payments on claims secured by personal property and pre-confirmation lease payments for leases of personal property shall be paid by the trustee to the below listed creditors without entry of an order of the Court. The Debtor proposing pre-confirmation payments will immediately commence plan payments to the trustee. Creditors must file a proof of claim to receive payment. Payments by the trustee shall commence to these creditors within 30 days of the filing of the proof of claim unless the Trustee does not have funds available within seven working days prior to the end of the 30-day period. Post-confirmation payments are provided for below in Paragraphs 6 and 7 of this plan.

| Creditor's Name and Full Address | Last Four Digits of Account Number | Date of Next Payment Due | Payment Amount |
| --- | --- | --- | --- |
| A. None | | | $0.00 |

**4.     ADMINISTRATIVE CLAIMS**.

Trustee fees shall be deducted from each payment disbursed by the trustee.

Nebr. R. Bankr. P. 2016-1(A)(4) and Appendix "K" provide the maximum allowance of Chapter 13 attorney fees and expenses that may be included in a Chapter 13 plan. Total fees or costs in excess of this amount must be approved through a separate fee application. Fees and costs requested for allowance are as follows:

| Total Fees Requested | Fees Received Prior to Filing | Balance of Fees to be Paid in Plan |
| --- | --- | --- |
| $3,700.00 | $0.00 | $3,700.00 |
| **Total Costs Requested** | **Costs Received Prior to Filing** | **Balance of Costs to be Paid in Plan** |
| $200.00 | $0.00 | $200.00 |

Fees and costs allowed shall be paid at the rate of not less than $1,683.00 per month and shall accrue from the month in which the case is filed.

**5.     PRIORITY CLAIMS**.

11 U.S.C. § 1322(a) provides that all claims entitled to priority under 11 U.S.C. § 507(a) shall be paid in full in deferred cash payments unless the holder of a particular claim agrees to a different treatment of such claim except for a priority claims under 11 U.S.C. § 507(a)(1)(B). It is further provided that any and all pre-petition penalties, and post-petition penalties and interest, which have attached or will be attached to any such claim, shall be treated as a general unsecured claim and not entitled to priority. Such claims are as follows:

   **(A)     Domestic Support Obligations**. None

The Debtor is required to pay all post-petition Domestic Support Obligations directly to the holder of the claim and not through the Chapter 13 plan.

**(B)    Arrearages Owed to Domestic Support Obligation Holders Under 11 U.S.C. § 507(a)(1)(A)**: None

**(C)    Domestic Support Obligations Assigned to or Owed to a Governmental Unit Under 11 U.S.C. § 507(a)(1)(B)**: None

**(D)    Priority Tax Claims Including Post-Petition Tax Claims Allowed Under 11 U.S.C. § 1305**:

| Federal: $29,399.69 | State: $7,000.00 | Total: $36,399.69 |

**(E)    Chapter 7 Trustee Compensation Allowed Under § 1326(b)(3)**:

| Amount Allowed | Monthly Payment (greater of $25 or 5% of monthly payment to unsecured creditors) |
| --- | --- |
| $0.00 | $0.00 |

**(F)    Other Priority Claims**: None

**6.    SECURED CLAIMS**.

**\*\*ALL SECURED CREDITORS LISTED IN PARAGRAPH 6 SHALL BE PAID ON A PRO-RATA BASIS IN EQUAL MONTHLY PAYMENTS, AFTER ATTORNEY FEES AND COSTS LISTED IN PARAGRAPH 4 HAVE BEEN PAID IN FULL.**

**(A)(1) Home Mortgage Claims (including claims secured by real property which the Debtor intends to retain)**.  Unless otherwise provided in this plan, Debtor shall pay all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due beginning with the first due date after the case is filed and such creditor shall retain any lien securing its claim.  Any pre-petition arrearage shall be paid through this Chapter 13 plan with interest as provided below and in equal monthly payments as specified below.  The amount of pre-petition arrears is determined by the proof of claim, subject to the right of the Debtor to object to the amount set forth in the claim.

a.    None

**(A)(2) The following claims secured by real property shall be paid in full through the Chapter 13 plan**:

a.    None

**(B) Post-Confirmation Payments to Creditors Secured by Personal Property**.  Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (1) and (2).  If the Debtor elects a different method of payment, such provision is set forth in subparagraph (3).

  **(1) Secured Claims to Which § 506 Valuation is NOT Applicable**: Claims listed in this subsection are debts secured by a purchase-money security interest in a personal motor vehicle, incurred within 910 days of filing of the bankruptcy OR debts secured by a purchase-money security interest in "any other thing of value," incurred within one year prior to filing of the bankruptcy. These claims will be paid in full with interest as provided below and in equal monthly payments as specified below:

  a. SEE PARAGRAPH 6(C)

  b. SEE PARAGRAPH 6(C)

  **(2) Secured Claims to Which § 506 Valuation is Applicable**: Claims listed in this subsection are debts secured by personal property <u>not</u> described in the prior paragraph of this plan, 6(B)(1). These claims will be paid either the value of the secured property or the amount of the claim, whichever is less, with interest as provided below and in equal monthly payments as specified below. The portion of a claim that exceeds the value of the secured property will be treated as an unsecured claim. The value of the secured property is determined by the proof of claim, subject to the right of the Debtor to object to such valuation.

  a. None

  **(3)**  **Other Provisions**: None

  **(C)**  **Surrender of Property**. The Debtor surrenders any interest in the following collateral. Any secured claim filed by the below creditors will be deemed satisfied in full through surrender of the collateral. Any unsecured deficiency claim must be filed by the bar date for claims or allowed by separate order of the Court.

  1.  Ally Financial
    Claim: $46,657.44
    Security: 2012 Chevrolet Silverado

  2.  Harley Davidson Credit
    Claim: $18,365.00
    Security: 2012 Harley-Davidson

  **(D)**  **Lien Avoidance**. The Debtor shall file a Motion to Avoid the lien of the following creditor(s):

  1.
    Claim: $.00
    Security:

**7.**  **EXECUTORY CONTRACTS/LEASES**.

**(A)   Rejected**:

The Debtor rejects the following executory contracts/leases:

1.
   Subject of Executory Contract:

**(B)   Assumed:**

**(1)   Residential Lease:**

The Debtor assumes the leases/contracts referenced below and shall continue to make future monthly lease payments *directly to the lessor*.

- a. Chuck Headley
  Subject of Lease: Residence of Debtor

- b. Time Payment Corp.
  Subject of the Executory Contract/Lease: two (2) Canon camera lenses
  Regular Number of Contract Payments Remaining as of Date of Filing: 15
  Amount of Regular Contract Payment: $215.00
  Due Date of Regular Contract Payment: 1st of month
  Total Payments: $3,225.00

**8.   CO-SIGNED UNSECURED DEBTS**.

The following co-signed debts shall be paid in full at the contract rate of interest from the petition date.

(A)   None

**9.   UNSECURED CLAIMS**.

**(A)   Student Loan Payments**:

The following claims are for student loans. The monthly loan payments which become due during this plan shall be paid directly and not through the Trustee during the month in which the payment is due.

1. Federal Loan Servicing
   Claim: $90,432.00
   Monthly Payment: $635.24
   Number of Payments Due During Plan: 60

(**B**)   **Other Unsecured Claims**.

Allowed unsecured claims shall be paid pro rata from all remaining funds.

**10.** **ADDITIONAL PROVISIONS**.

(A) If there are no resistances/objections to confirmation of this plan or after all objections are resolved, the Court may confirm the plan without further hearing.

(B) Property of the estate, including the Debtor's current and future income, shall re-vest in the Debtor at the time a discharge is issued, and the Debtor shall have sole right to use and possession of property of the estate during the pendency of this case.

(C) In order to obtain distributions under the plan, a creditor must file a proof of claim within 90 days after the first date set for the meeting of creditors except as provided in 11 U.S.C. § 502(b)(9). Claims filed after this bar date shall be disallowed except as provided in Bankruptcy Rule 3002.

(D) Unless otherwise provided in this plan or ordered by the Court, the holder of each allowed secured claim provided for by the plan shall retain its lien securing such claim as provided in 11 U.S.C. § 1325(a)(5)(B).

## NOTICE OF RESISTANCE DEADLINE

ANY RESISTANCE TO THIS PLAN OR REQUEST FOR A HEARING MUST BE FILED IN WRITING WITH THE BANKRUPTCY CLERK'S OFFICE (SEE ORIGINAL NOTICE OF BANKRUPTCY FOR ADDRESS) AND SERVED ON THE ATTORNEY FOR THE DEBTOR AT THE ADDRESS LISTED BELOW (OR SERVED ON THE DEBTOR, IF NOT REPRESENTED BY AN ATTORNEY), ON OR BEFORE THE 14TH DAY OF OCTOBER, 2014.

IF A TIMELY RESISTANCE OR REQUEST FOR A HEARING IS FILED AND SERVED, THE BANKRUPTCY COURT WILL HANDLE THE RESISTANCE IN ACCORDANCE WITH NEB. R. BANKR. P. 3015-2. IF THERE ARE NO OBJECTIONS TO THE PLAN AS FILED, THE COURT MAY CONFIRM THE PLAN WITHOUT FURTHER HEARING.

## CERTIFICATE OF SERVICE

On September 9, 2014, the undersigned mailed a copy of this plan to all creditors, parties-in-interest, and those requesting notice by regular United States mail, postage prepaid. The parties to whom notice was mailed are either listed below or on the attached mailing matrix. The undersigned relies on the CM/ECF system of the United States Bankruptcy Court to provide service to the

Case 14-81595-TLS    Doc 19    Filed 09/09/14    Entered 09/09/14 12:16:30    Desc Main
              Document         Page 7 of 9

following: Kathleen A. Laughlin, Chapter 13 Trustee.

                                        Michael Scot Goodlander,
                                        Debtor

DATED: September 9, 2014         By:*/s/ Ronald A. Hunter*
                                        RONALD A. HUNTER  #16864
                                        Attorney for the Debtor
                                        11605 Arbor St., Suite 104
                                        Omaha, NE 68144
                                        (402) 397-6965 (phone)
                                        (402) 397-0607 (fax)
                                        ronahunterlaw@gmail.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0867-8<br>Case 14-81595-TLS<br>District of Nebraska<br>Omaha Office<br>Fri Sep  5 07:52:42 CDT 2014 | Michael Scot Goodlander<br>14208A Tregaron Ridge Ave.<br>Bellevue, NE 68123-4818 | AT&T<br>PO Box 6438<br>Carol Stream, IL 60197-6438 |
| Ally Financial<br>c/o Ally Servicing LLC<br>P.O. Box 130424<br>Roseville, MN 55113-0004 | Ally Financial serviced by Ally Servicing LL<br>PO Box 130424<br>Roseville, MN 55113-0004 | American InfoSource LP as agent for<br>Spot Loan<br>PO Box 248838<br>Oklahoma City, OK  73124-8838 |
| Applied Card Bank<br>Attention: Bankruptcy<br>Po Box 17125<br>Wilmington, DE 19850-7125 | Bank Of The West<br>Attn: Bankruptcy<br>Po Box 5172<br>San Ramon, CA 94583-5172 | Bank of the West<br>1450 Treat Blvd<br>P.O. Box 8050<br>Walnut Creek, CA 94596-8050 |
| Capital One Bank<br>Po Box 30285<br>Salt Lake City, UT 84130-0285 | Chuck Headley<br>Headley Realty<br>11812 South 25th St.<br>Bellevue, NE 68123-1523 | Credit Collections SVC<br>Po Box 773<br>Needham, MA 02494-0918 |
| Family Dentistry<br>11513 S. 37th St.<br>Bellevue, NE 68123-5210 | Federal Loan Servicing<br>Po Box 60610<br>Harrisburg, PA 17106-0610 | First Premier Bank<br>3820 N Louise Ave<br>Sioux Falls, SD 57107-0145 |
| GE Money Bank<br>Attn: Bankruptcy Dept.<br>P.O. Box 103104<br>Roswell, GA 30076-9104 | Harley Davidson Credit<br>8529 Innovation Way<br>Chicago, IL 60682-0085 | Harley Davidson Financial<br>222 W Adams<br>Chicago, IL 60606-5307 |
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Janelle M. Foltz<br>1468 25th Ave, #1<br>Columbus, NE 68601-4982 | Klein & Co.<br>914 Washington Ave.<br>Golden, CO 80401-1047 |
| (p)CREDITORS BANKRUPTCY SERVICE<br>15660 DALLAS PKWY<br>SUITE 300<br>DALLAS TX 75248-3354 | Mountain State Adjustment<br>Janelle M. Foltz<br>1468 25th Ave., #1<br>Columbus, NE 68601-4982 | Mountain States Adjustment<br>123 W. First St., #430<br>Caspar, WY 82601-7502 |
| Navy Federal Credit Union<br>Po Box 3700<br>Merrifield, VA 22119-3700 | Nebraska Department of Revenue<br>Attn: Bankruptcy Unit<br>P.O. Box 94818<br>Lincoln, NE 68509-4818 | QVC<br>1365 Enterprise Dr.<br>West Chester, PA 19380-5967 |
| Sarpy County Attorney<br>1210 Golden Gate Dr.<br>Papillion, NE 68046-2889 | Sarpy County Treasurer<br>1210 Golden Gate Dr.<br>Papillion, NE 68046-2839 | Simple Finance, LLC<br>1265 E Fort Union Blvd. Ste. 110<br>Midvale, UT 84047-1807 |

```
(p)SPRINT NEXTEL CORRESPONDENCE       Time Payment Corp.                    U.S. Attorney
ATTN BANKRUPTCY DEPT                   16 New England Executive Park #200   1620 Dodge St., #1400
PO BOX 7949                            Andover, MA 01810                    Omaha, NE 68102-1506
OVERLAND PARK KS 66207-0949


U.S. Attorney General                  U.S. Department of Education         Verizon Wireless
U.S. Dept. of Justice                  P.O. Box 530260                      P.O. Box 4002
950 Pennsylvania Avenue N.W., Rm 5137  Atlanta, GA 30353-0260               Acworth, GA 30101-9003
Washington, DC 20530-0009


Webbank/Fingerhut                      Wells Fargo Bank
6250 Ridgewood Rd                      PO Box 63491 MAC A0143-042
Saint Cloud, MN 56303-0820             San Francisco, CA 94163-0001
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Military Star - AAFES                  Sprint Corp.
Po Box 650060                          Attn: Bankruptcy Unit
Dallas, TX 75265                       P.O. Box 7949
                                       Overland Park, KS 66207-0949
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Richard Goodlander                  End of Label Matrix
                                       Mailable recipients    37
                                       Bypassed recipients     1
                                       Total                  38
```